IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA A. CRUZ<br>　*Plaintiff*, | §<br>§<br>§ |
| VS. | § CIVIL ACTION NO.  20-cv-00358 |
| | § |
| GABRIELA GUERRA BARRERA,<br>D/B/A TRANSPORTES GOGUE, AND<br>OSCAR OLVEDA RIVERA<br>　*Defendants*. | §<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **PATRICIA A. CRUZ**, Plaintiff herein, complaining of **GABRIELA GUERRA BARRERA, D/B/A TRANSPORTES GOGUE,** and **OSCAR OLVEDA RIVERA**, Defendants herein, and would show the Court as follows:

### PARTIES

1.　Plaintiff, **PATRICIA A. CRUZ**, an individual and citizen of the State of Texas and resides in Eagle Pass, Maverick County, Texas.

2.　Defendant, **GABRIELA GUERRA BARRERA, D/B/A TRANSPORTES GOGUE,** (hereinafter referred to as Defendant **GOGUE**), is a foreign company doing business in the State of Texas. This Defendant has sought and received authority to operate commercial motor vehicles on the roadways of the State of Texas. As an extension of that authority, this Defendant has consented to personal jurisdiction by United States courts for suits arising out of the operation of commercial motor vehicles. Consequently, and pursuant to federal rule, specifically §§13303(a) and 13304(a) of the ICC Termination Act of 1995, this Defendant has designated a resident of the state of Texas as a registered agent to receive and accept service of legal process in its name. As

such, this Defendant may be served with process by personally serving its agent for service of process, **Lesuia A. Ramos, 1699 E. Main Street, Suite 16, Eagle Pass, Texas 78852.** Alternatively, by virtue of the fact that this suit stems from the operation of a motor vehicle on the public roads of Texas, as more particularly described below, this Defendant has appointed the Chairman of the State Highway and Public Transportation Commission as its agent and whom citation may be served in accordance with §17.062 and 17.063 of Texas Civil Practice and Remedies Code. Therefore, this Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant **GOGUE'S** place of business at Estatuto Juridico No. 101, FSTSE, Piedras Negras, Coahuila, Mexico 26068.

3. Defendant, **OSCAR OLVEDA RIVERA**, (hereinafter referred to as Defendant **RIVERA**), is an individual and citizen of the Republic of Mexico, in the state of Coahuila. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified or registered mail, return receipt requested, to Defendant **RIVERA'S** place of employment at Estatuto Juridico No. 101, FSTSE, Piedras Negras, Coahuila, Mexico 26068.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of the State of Texas and Defendants are citizens of a foreign state, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant **GOGUE** is a company formed under the laws of Mexico and doing business in the State of Texas. Defendant **RIVERA** is a citizen of the Republic of Mexico.

## VENUE

5. Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on December 17, 2018 in Eagle Pass, Maverick County, Texas.

## FACTS

6. Plaintiff **PATRICIA A. CRUZ** would show the Court that on or about December 17, 2018, she was driving a 1993 Chevrolet Silverado pick-up truck and was stopped at a red traffic light facing eastbound on the turning lane of El Indio Highway at the intersection with S. Veterans Boulevard. Defendant **RIVERA**, operating a 1992 white Freightliner tractor and towing a 1996 black trailer, was traveling behind Plaintiff's vehicle. On said date, Defendant **RIVERA** failed to maintain an assured clear distance between the tractor trailer combination he was operating and the Plaintiff's vehicle and thus struck the rear of Plaintiff's pick-up truck. As a result of the impact, Plaintiff **PATRICIA A. CRUZ** suffered injuries to her abdomen, neck, low back, and head.

## **NEGLIGENCE OF DEFENDANT RIVERA**

7. In causing the collision of the vehicles involved, Defendant **RIVERA** was guilty of various acts or omissions which constitute negligence as enumerated below, each of which constitutes a proximate cause of Plaintiff's injuries and damages, to wit:

   a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

   b. In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

   c. In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

   d. In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

   e. In failing to take proper evasive action in order to avoid said collision;

   f. In failing to control the speed of his vehicle as a reasonable and prudent person would have done; and

   g. In failing to maintain an assured clear distance between his vehicle and the Plaintiff's vehicle in violation of Texas Transportation Code § 545.062.

8. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## **RESPONDEAT SUPERIOR**

9. At the time of the collision described above, Defendant **RIVERA** was the agent, servant, and/or employee of Defendant **GOGUE**, and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant **GOGUE**. Defendant **RIVERA** was operating the 1992 Freightliner tractor truck and trailer combination on the public streets and highways of the State of Texas in furtherance of Defendant, **GOGUE'S** business. Defendant

**RIVERA** was operating the 1992 Freightliner tractor truck and trailer combination with the knowledge, and consent of Defendant **GOGUE**.  Therefore, Defendant **GOGUE** is liable under the doctrine of Respondeat Superior.

## DAMAGES

10. Plaintiff **PATRICIA A. CRUZ,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, she sustained injuries to her abdomen, neck, low back, and head, and she has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; she has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; she has suffered impairment to her earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future.  Plaintiff **PATRICIA A. CRUZ** has incurred reasonable and necessary medical expenses for the proper treatment of her injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

## JURY DEMAND

11. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

## PRAYER

12. Premises considered, the Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of Six Hundred and Seventy Five Thousand Dollars ($675,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER, HEREDIA,
SALINAS & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Telephone No.: 830/773-9228
Telecopier No.: 830/773-2582
chlaw75@yahoo.com


By: /s/ *Claudio Heredia*
     **Claudio Heredia**
     State Bar No. 09505300

ATTORNEYS FOR PLAINTIFF